IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GLS LIMITED PARTNERSHIP #13,<br>A WISCONSIN LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 05-622C<br>(Judge Wolski) |

JOINT MOTION FOR A STAY OF PROCEEDINGS

Pursuant to Rules 1 and 7(b) of the Rules of the United States Court of Federal Claims, plaintiff and defendant respectfully request that the Court stay further proceedings in this matter while certain related cases remain in the Court's Alternative Dispute Resolution ("ADR") pilot program.

This case is one of more than 100 related suits filed in this Court since August 6, 2004. Almost every judge of this Court has been assigned one or more of these cases. Eight of these cases were referred to Judge Horn for ADR pursuant to the Court's ADR pilot program in 2004.[1] Of the cases filed in 2005, nine were referred to Judge Horn or to another judge for ADR pursuant

[1] These cases are: Grass Valley Investment Group I v. United States, No. 04-1284C (Fed. Cl.); Diamond Springs Investment Group II v. United States, No. 04-1302 (Fed. Cl.); Weaverville Investment Group I v. United States, No. 04-1320C (Fed. Cl.); Hollister Investment Group II v. United States, No. 04-1297C (Fed. Cl.); Ramona Investment Group II v. United States, No. 04-1259C (Fed. Cl.); Pixley Investment Group v. United States, No. 04-1315C (Fed. Cl.); Brawley I Investment Group v. United States, No. 04-1287 (Fed. Cl.); and Brawley II Investment Group v. United States, No. 04-1305C (Fed. Cl.).

to the ADR pilot program.[2] Eight additional cases were referred to Judge Horn for ADR by a series of orders issued on August 3, 2005.[3]

The parties in these cases are represented by the same counsel, and the factual allegations and legal issues involved in these cases are similar. Generally, the plaintiffs in these cases allege that they are owners of rural low-income rental apartment projects who entered into loan agreements with the Farmers Home Administration, United States Department of Agriculture, pursuant to section 515 and 521 of the Housing Act of 1949 (42 U.S.C. §§ 1485, 1490a (1994)), and that the Government has breached these agreements and/or has taken the plaintiffs' property without just compensation as a result of the enactment of the Emergency Low Income Housing Preservation Act of 1987, Pub. L. No. 100-242, Title II, 101 Stat. 1877 (1988) (codified at 12 U.S.C. § 1715l note (1994)), and the Housing and Community Development Act of 1992, Pub. L. No. 102-550, 106 Stat. 3672 (1992) (codified at 42 U.S.C. § 1472(c) (1994)).

Pursuant to Second Amended General Order No. 40, the parties are required to meet several filing deadlines in the ADR proceedings, in an effort to explore the possibility of an amicable resolution of the claims that are presently involved in those proceedings. As part of this

---

[2] These cases are: Windsor Greens v. United States, No. 05-630C (Fed. Cl.); Rudolf Square v. United States, No. 05-635C (Fed. Cl.); Ridgeway Court II v. United States, No. 05-636C (Fed. Cl.); Ridgeway Court I v. United States, No. 05-637C (Fed. Cl.); Poplar Drive Court v. United States, No. 05-638C (Fed. Cl.); Ashland Apartments Limited v. United States, No. 05-651C (Fed. Cl.); Maple River Manor v. United States, No. 05-662C (Fed. Cl.); Ridge Manor Apartments v. United States, No. 05-656C (Fed. Cl.); and Riverside Apartments of Princeton v. United States, No. 05-667C (Fed. Cl.).

[3] These cases are: Auburn Investment Group v. United States, No. 04-1264C (Fed. Cl.); Seeley Investment Group v. United States, No. 04-1293C (Fed. Cl.); Los Banos Garden Apartments II v. United States, No. 04-1311C (Fed. Cl.); Brandli v. United States, No. 04-1710C (Fed. Cl.); GLS Limited Partnership #6 v. United States, No. 05-623C (Fed. Cl.); Clay Housing v. United States, No. 05-645C (Fed. Cl.); HDMD Properties - Redfield v. United States, No. 05-660C (Fed. Cl.); Pheasant Ridge Apartments v. United States, No. 05-665C (Fed. Cl.).

effort, the parties are also engaged in the exchange of documents and information relating to those claims. The parties believe that this effort may also provide a basis for resolving other related cases, including this one.

For the parties simultaneously to conduct ADR with respect to some of these cases and litigate the remainder of these cases would be highly inefficient and burdensome for all of the parties, and would not be conducive to fruitful ADR efforts. For this reason, the parties jointly requested, and the Court granted, stays all but one the referenced cases that were filed in 2004. (The one exception – Carpenter v. United States, No. 04-1740C (Fed. Cl.) – is the subject of a pending motion to dismiss.) Thereafter, no new cases of the same kind were filed until mid-June 2005, at which time more than 40 such cases, including this case, were filed.

The reasons that justified staying the cases filed in 2004 are equally applicable to this case. A stay of this and other recently-filed related cases pending ADR proceedings would avoid potentially duplicative and unnecessary filings, promote efficiency, and conserve the resources of the parties and the Court. The parties have requested or will request such a stay not only in this case, but also in many if not all of the other similar cases.

For the foregoing reasons, the parties respectfully request that the Court grant this joint motion to stay proceedings in this case until 14 days after the conclusion of ADR.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**s/Jeff H. Eckland**
JEFF H. ECKLAND
Eckland & Blando LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: (612) 305-4444
Fax: (612) 305-4439

Attorney for Plaintiff

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7643

Attorneys for Defendant

Dated: August 11, 2005

**Filed Electronically**
**with the consent of Attorneys for Plaintiff**